UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-22935-CIV-MORENO

DR. JEFFREY SOLOMON, et al.,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD ASSOCIATION, et al.,

    Defendants.
_____/



## ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE came before the Court upon the Joint Motion to Dismiss the Third Amended Complaint (**D.E. No. 614**) filed on June 21, 2008. The Court has considered the motion, the response, the reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is ADUDGED that the motion is GRANTED. Plaintiffs have not alleged either conspiracy or fraud with adequate specificity.

### I. BACKGROUND

The Plaintiffs are practitioners in several unrelated fields not requiring an MD degree. Jeffrey Solomon is a chiropractor. Scott Ashton is a podiatrist. Kathy Tisko is a physical therapist. Therapycare, Inc. is a corporation that employs podiatrists. Allen Knecht is a chiropractor. Several associations of chiropractors, podiatrists, and psychologists are also Plaintiffs. This lawsuit is a class action. Plaintiffs (except for the associations[1]) seek to represent all healthcare providers as defined in paragraph ¶ 155 of the Third Amended Complaint that submitted claims to the defendant insurance companies after November 4, 1999.

---

[1] The associations do not seek to be class plaintiffs.

The Defendants include twenty Blue Cross Blue Shield Plans or their parent corporations ("BCBS Plans"), the Blue Cross and Blue Shield Association ("BCBSA"), and the National Account Service Company, LLC ("NASCO"). The BCBS Plans are independently owned companies that license the Blue Cross and Blue Shield service marks. Each of the BCBS Plans operates in a limited service area defined by the terms of that BCBS Plan's license agreement. The Third Amended Complaint does not name as Defendants 47 other BCBS Plans that the Complaint alleges participated in a conspiracy.

The BCBS Plans use two software programs to process those insurance claims that require the cooperation of two or more BCBS Plans. The first is BlueCard. BlueCard enables a subscriber of one BCBS Plan to seek treatment from a provider in the service area of another BCBS Plan. All BCBS Plans participate in BlueCard. The BCBSA administers BlueCard. The second software program is NASCO. The BCBS Plans use the NASCO software to process claims for some national insurance accounts. BCBSA and three of the BCBS Plans own NASCO, which in turn owns the software.

The Complaint alleges that the Defendants conspired to violate RICO. The Plaintiffs allege that the Defendants acted as an enterprise to commit the RICO predicate acts of mail fraud (in violation of 18 U.S.C. § 1341) and wire fraud (in violation of 18 U.S.C. § 1343). The Plaintiffs also allege that each of the Defendants "sought to and did aid and abet the others" in committing mail fraud and wire fraud. *See* Third Amended Complaint ¶ 134. Plaintiffs claim that the BCBS Plans sent by wire and mail "agreements, manuals, correspondences, patient lists, payments, EOBs, reports, data summaries, statements and Plan materials" to the Plaintiffs that contained representations that the "Defendants and other BCBS Entities would pay Plaintiffs and Class Members for the covered, medically necessary services they provided to BCBS Subscribers." *See* Third Amended Complaint ¶¶ 135, 136 and 137(a). Other parts of the Complaint allege that Defendants promised to pay Plaintiffs "fully and fairly" for

all insurance claims. *See* Third Amended Complaint ¶¶ 78, 79 and 106. Plaintiffs allege that the Defendants conspired to utilize the Blue Card and NASCO software systems to systemically "reduce, delay and deny" payments in violation of the representations made to Defendants. *See* Third Amended Complaint ¶ 131(a). Plaintiffs allege that Defendants knew the representations made to the Plaintiffs were false and "made for the purpose of deceiving Plaintiffs and the Class obtaining their property for the Defendants' and BCBS' Entities gain." *See* Third Amended Complaint ¶ 139.

The Third Amended Complaint contains three counts. The first is violation of RICO 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. 1962(c). This count requires allegations (and later proof) that Defendants conspired to commit certain predicate crimes. *See* Third Amended Complaint ¶¶ 168-172. The second is violation of 18 U.S.C. § 2 by seeking to violate and aiding and abetting in the violation of 18 U.S.C. § 1962(c). This count alleges that the Defendants aided and abetted each other in committing the predicate RICO crimes of mail fraud and wire fraud. *See* Third Amended Complaint ¶¶ 173-178. The third is for declaratory and injunctive relief under 18 U.S.C. § 1964(a). This count asks the Court to enjoin the Defendants from violating RICO in the future. *See* Third Amended Complaint ¶¶ 179-182.

Defendants filed a Joint Motion to Dismiss the Third Amended Complaint **(D.E. No. 614)** on June 21, 2007. The Joint Motion to Dismiss argues *inter alia* that Plaintiff's allegations of conspiracy and of the predicate RICO crimes of mail and wire fraud lack adequate specificity. This Order addresses those arguments below. Certain Defendants filed other Motions to Dismiss **(D.E. Nos. 612, 613 and 615)** on June 21, 2008 with arguments that relate only to those certain Defendants. This Order does not address the arguments made in those motions because this Court holds that the arguments made in the Joint Motion to Dismiss dispose of this lawsuit. The Motions to Dismiss at docket entries 612, 614 and 615 are therefore DENIED without prejudice to refile.

## II. STANDARD FOR MOTION TO DISMISS

The parties dispute the standard for the motion to dismiss. The parties disagree about whether the recent Supreme Court decision *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1995 (2007) applies to this case. The *Twombly* decision affirmed the dismissal of an antitrust lawsuit. Conspiracy is one of the elements of the Sherman Act antitrust claim at issue in *Twombly*. The plaintiffs in *Twombly* failed to allege facts that implied the existence of a conspiracy.

The Supreme Court in *Twombly* explicitly retired the pleading standard set in *Conley v. Gibson*, 355 U.S. 41 (1957), substituting a flexible "plausibility" standard under which a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). The *Conley* decision held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1968. Instead, *Twombly* now requires that a complaint must allege a claim that is "plausible on its face." *Id.* at 1974. A complaint alleging conspiracy, therefore, must allege facts that infer conspiracy instead of mere "parallel conduct and a bare assertion of conspiracy." *Id.* at 1966.

Plaintiffs argue that *Twombly* does not apply to this case because *Twombly* only applies to antitrust cases. The Eleventh Circuit has not addressed this issue. The Second Circuit rejected this argument in *Iqbal v. Hasty*, 490 F.3d 143, 155-56 (2nd Cir. 2007). This Court agrees with the *Iqbal* decision. The *Twombly* decision does not limit its holding to antitrust cases. The *Conley v. Gibson* case, which *Twombly* explicitly retires, was not an antitrust case. Both *Twombly* and this case address the sufficiency of factual pleadings for pleading a conspiracy. That *Twombly* involved an antitrust case and this case involves a RICO conspiracy is of no moment. The *Twombly* decision therefore sets the pleadings standards for this case.

## III. ANALYSIS

Plaintiffs' allegations of conspiracy and fraud lack the required specificity. The failure to adequately plead conspiracy warrants the dismissal of Count One, the claim for conspiracy to commit a RICO violation. The failure to plead fraud with the required specificity warrants dismissal of all three counts because all three counts depend on adequate allegations of mail fraud and wire fraud. The failure to plead conspiracy and fraud with specificity is addressed in turn, below.

### A. The Complaint Fails to State a Claim of Conspiracy

The essence of a RICO conspiracy claim is that each defendant has *agreed* to participate in the conduct of an enterprise's illegal activities. 18 U.S.C. § 1962(d). This Court has held before that "proof of the agreement is at the heart of a conspiracy claim." *In re Managed Care Litig.*, 430 F.Supp.2d 1336, 1345 (S.D. Fla. 2006). A complaint for RICO conspiracy must therefore "[d]escribe the alleged agreement to perform at least two of the predicate acts." *O'Rear v. Am. Family Life Assur. Co.*, 139 F.R.D. 418, 422 (M.D. Fla. 1991). This Court's Local Rules reiterate the requirement that the Plaintiff "describe in detail the conspiracy, including the identity of the co-conspirators, the object of the conspiracy, and the date and substance of the conspiratorial agreement" in the Plaintiff's RICO Case Statement. The Eleventh Circuit has affirmed the dismissal of RICO claims where the allegations of conspiracy were "merely conclusory and unsupported by any factual allegations." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997).

The *Twombly* decision, discussed above, adds new bite to the RICO requirement that the Plaintiffs describe the agreement to conspire in the complaint. The Plaintiffs in *Twombly* alleged a conspiracy among certain regional telecommunications providers. The complaint in *Twombly* relied on allegations of the defendants' parallel behavior to infer conspiracy. The Supreme Court upheld the dismissal of the complaint because "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955,

1966 (2007). The Supreme Court explained that "without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory." *Id.* The Supreme Court observed that the complaint "mentioned no specific time, place, or person involved in the alleged conspiracies" leaving the defendants "little idea where to begin" in formulating their answers. *Id.* at 1970 n. 10.

This Court reviewed both the Third Amended Complaint **(D.E. No. 601)** and the Plaintiff's Amended RICO Case Statement **(D.E. No. 602)**. The Complaint and RICO Case Statement do not contain any factual allegations about the Defendants agreeing to commit the predicate acts of mail and wire fraud. All of Plaintiffs' allegations regarding the agreement to conspire to commit mail and wire fraud are conclusory. The Complaint contains no date when an agreement took place. The most explicit factual allegation concerning how the conspiracy formed is at footnote 33 to paragraph 111 under the heading "The Conspiracy to Diminish, Delay and Deny Payments to Healthcare Providers Through BlueCard." Footnote 33 reads, "[t]hese agreements are developed and collectively adopted by the BCBS Entities by majority vote of the Association's Board of Directors, Interplan Programs Committee (the "IPPC"), and a host of the subsidiary committees and workgroups populated by employees of the BCBS Entities and managed by the Association's officers and staff." This allegation is insufficiently specific because it merely identifies the entities within the enterprise that formed the agreement without elaborating about when or how those entities formed the agreement to violate RICO. All of the other allegations made in the Complaint and the RICO Case Statement concern the substance of the agreement. The Complaint and RICO Case Statement contain no other allegations about who made the agreement, when the agreement was made, or how the Defendants made the agreement.

This Court holds that both *Twombly* and the requirements for pleading a RICO case alternatively warrant dismissal of Count One. Case law concerning RICO conspiracy claims require

allegations (and later proof) that the Defendants agreed to commit the predicate acts. *Twombly* makes clear that the allegations of parallel conduct do not suffice to infer conspiracy. The allegations in Plaintiffs' Complaint, even if later proved, do not demonstrate a conspiracy between the Defendants to commit the predicate acts of mail fraud and wire fraud.[2]

**B. The Complaint Fails to Plead Fraud with Particularity**

The Plaintiffs allege that the Defendants committed the predicate RICO acts of mail fraud and wire fraud. Allegations of fraud are subject to a heightened pleading standard. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) applies to RICO fraud allegations. *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988). The Eleventh Circuit has interpreted the particularity requirement to require that the complaint set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*United States ex rel. Clausen v. Lab. Corp. Of America, Inc.*, 290 F.3d 1310 (11th Cir. 2002). The Plaintiff must allege facts with respect to each Defendant's participation in the fraud. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1381 (11th Cir. 1997). In sum, the Plaintiff must set forth in the complaint as to each Defendant the "who, what, when, where and how" about the fraud that took place. *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006).

---

[2] The Court appreciates the difficulty of pleading with specificity the circumstances of a conspiracy involving large organizations and a complex scheme to defraud. Conspiracy is nonetheless an element of this RICO cause of action under 18 U.S.C. § 1962(d). The requirement to plead and later demonstrate conspiracy is not relaxed because of the complexity of the allegations or organizations involved in the RICO conspiracy. Plaintiffs could have avoided the conspiracy requirement by alleging breach of contract or fraud causes of action.

This Court reviewed the Third Amended Complaint **(D.E. No. 601)**. The Third Amended Complaint does not identify any specific instance where a false representation was made by any Plaintiff to any Defendant. The Third Amended Complaint refers to documents including vouchers, summaries, statements, and EOBs denying payment for services. The Plaintiffs do not identify any fraudulent representation made to Defendants in these documents. Plaintiffs' several statements in the Third Amended Complaint that Defendants promised to pay Plaintiffs "fully and fairly" (Third Amended Complaint ¶¶ 78, 79 and 106) do not identify in what document or how this representation was made. Plaintiffs do not allege how Defendants relied on the false representations. The pleading of the mail and wire fraud predicate acts therefore does not satisfy the Rule 9(b) requirement to plead fraud with particularity. The Third Amended Complaint does not adequately plead a single incidence of fraudulent conduct. The Third Amended Complaint also does not set out for each Defendant how the Defendant participated in the fraud.

Plaintiffs' failure to plead fraud with particularity warrants dismissal of all three of Plaintiffs' counts. All three counts depend on Plaintiffs' properly alleging mail fraud and wire fraud. The conspiracy to commit a RICO violation (Count One) under 18 U.S.C. 1962(d) requires the pleading of the predicate acts of mail fraud and wire fraud. Aiding and abetting in the violation of RICO (Count Two) under 18 U.S.C. 1962(c) requires pleading of the two predicate acts. The claim for declaratory and injunctive relief (Count Three) depends on adequate pleading of a 18 U.S.C. 1962(c) RICO violation.

## V.  CONCLUSION

The Plaintiffs have failed to adequately plead both the conspiracy element of the RICO cause of action and the predicate crimes of mail and wire fraud.  The inadequate pleading of conspiracy warrants the dismissal of Count One.  The inadequate pleading of fraud warrants dismissal of all three counts because all of the counts depend on adequate pleading of mail fraud and wire fraud.

The Third Amended Complaint represents the Plaintiffs' fourth complaint filed in this lawsuit.  Each complaint filed in this lawsuit contained different factual allegations to support the RICO cause of action.  Plaintiffs were asked in Open Court whether the Plaintiffs wanted to amend their complaint in light of the 2007 *Twombly* decision.  Plaintiffs responded that they were satisfied with the Third Amended Complaint.  This Court believes that allowing Plaintiffs to file a fifth complaint does not serve the interests of justice in light of the previous four attempts, five years of litigation, and extensive discovery conducted in this case.  The Third Amended Complaint is therefore DISMISSED with prejudice.  This case is CLOSED.  All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of May, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record